# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUSTAVO A. MOYA, JR., <br><br> **Plaintiff,** <br><br> v. <br><br> UNITED AIRLINES, INC., *et al.*, <br><br> **Defendants.** | Docket No.: 18-cv-14829 <br><br> **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Gustavo Moya ("Plaintiff") brings this action for violations of the New Jersey Conscientious Employee Protection Act and the New Jersey Law Against Discrimination. The matter comes before the Court on Plaintiff's motion for an extension of time to file and serve a proposed second amended complaint ("SAC"). ECF No. 21. For the reasons set forth below, the motion is **GRANTED**.

### I.     PROCEDURAL HISTORY

On January 29, 2019, this Court granted-in-part and denied-in-part (1) Defendants United Airlines, Inc. and Charlean Gmunder's ("Defendants")[1] partial motion to dismiss the first amended complaint and strike certain allegations, ECF No. 5, and (2) Plaintiff's cross motion to amend/correct, ECF No. 8. *See* Op. & Order (Jan. 29, 2019), ECF Nos. 13-14. Specifically, the Court granted Plaintiff's motion to amend/correct in part and ordered Plaintiff to "file a [SAC] consistent with this order and the accompanying opinion by February 13, 2019." Order (Jan. 29, 2019), ECF No. 14.

On March 5, 2019, Defendants' counsel filed a letter noting Plaintiff's failure to file the SAC as ordered. Def. Ltr. (Mar. 5, 2019), ECF No. 15. On March 6, three weeks after the Court's deadline, Plaintiff filed the SAC. ECF No. 16. The Court struck the SAC as untimely and ordered that "[i]f Plaintiff intends to file another amended complaint, he **MUST** move for an extension of time." Order (Mar. 12, 2019), ECF No. 19.

### II.    THE MOTION

On April 19, Plaintiff moved for an extension of time to file a proposed SAC. Mot., ECF No. 21. Defendants "do not formally oppose Plaintiff's motion." Def. Letter (May 20, 2019),

---

[1] Alisa Atwater and various fictitious individuals and entities are also defendants in this matter, though no attorney has entered an appearance on their behalf and they have not filed any opposition to Plaintiff's motion.

1

ECF No. 22. However, they ask "that any further delays caused by Plaintiff be met with severe consequences, including an award of fees for any responses we are required to file on [Defendants'] behalf." *Id.*[2]

### III. DISCUSSION

When an act may be done within a specified time, and a party has failed to act because of "excusable neglect," the court may extend the time to act. FRCP 6(b)(1). "Excusable neglect seems to require a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988) (citing Wright & Miller, *Federal Practice and Procedure*, § 1165 (1987)).

Here, Plaintiff's counsel explained that "Plaintiff's lateness in filing the proposed second amended complaint was due to an error by his counsel. Due to that error, the calendar notification of the filing deadline did not appear on counsel's calendar following his receipt of the Court's January 2019 Order setting the date by which counsel was to file the proposed [SAC]." Br. at 1-2, ECF No. 21-1 (citation omitted).

Courts are split on whether a lawyer's calendaring error qualifies as excusable neglect. *Compare Bonavito v. Nevada Prop. 1 LLC*, No. 2:13-CV-00417-JAD, 2014 WL 5364077, at *2 (D. Nev. Oct. 21, 2014) (considering calendaring error excusable neglect), *with Leon v. Koch Indus.*, No. 2:17-CV-288, 2017 WL 5484696, at *4 (S.D. Tex. Nov. 14, 2017) (listing cases finding calendaring error as inexcusable). Given the limited changes to the proposed SAC (most of which simply comply with the Court's order to strike certain allegations), Defendants' lack of opposition to the amendment, and the Court's desire not to punish Plaintiff for his counsel's innocuous error, the motion is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff Gustavo Moya's motion for an extension of time to file and serve a proposed second amended complaint, ECF No. 21, is **GRANTED**. An appropriate order follows.

**Date: May 23, 2019**

WILLIAM J. MARTINI, U.S.D.J.

---

[2] The Court takes this request under advisement, though any future request for sanctions will be analyzed in its specific context.