UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUSTAVO A. MOYA, JR., <br><br> **Plaintiff,** <br><br> v. <br><br> UNITED AIRLINES, INC. CHARLEAN GMUNDER, ALISIA ATWATER, JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown), <br><br> **Defendants.** | Civil Action No. 18-14829 (WJM) <br><br><br> <u>OPINION</u> |

### FALK, U.S.M.J.

This is a NJLAD and CEPA employment case. Before the Court is the motion of Defendant United Airlines, Inc. for leave to amend its Answer to add counterclaims against its former employee, Plaintiff Gustavo Moya, for alleged misconduct involving United's corporate property, confidential information, and trade secrets. (CM/ECF No. 50.) Plaintiff opposes the motion. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **granted**.

## BACKGROUND

### A. *Factual background and procedural history*

Plaintiff was hired by United as a Training Manager in its Food Services Department in June 2014.  (Amended Complaint ("AC") ¶¶ 14-15.)  United subsequently promoted Plaintiff to Food Safety Manager responsible for preventative controls, which included reporting on food safety compliance for United's Newark, New Jersey catering facilities.  (AC ¶ 52.)  While working as Food Safety Manager, Plaintiff was given access to certain United trade secrets and other proprietary and confidential information and documents required for him to perform his job duties and responsibilities.  (See ¶ 7 of United's Counterclaims ("CC"), Ex. A to Certification of Robin H. Rome.)  Plaintiff was the Food Safety Manager from September 9, 2016, until August 27, 2018, when he was removed from his position for alleged performance reasons and reassigned to United's headquarters in Chicago, Illinois.  (See CC ¶¶ 3, 17-18.)[1]  A few days after his removal, Plaintiff commenced an approved leave of absence and remained out of work until February 15, 2019, when he was administratively separated due to job abandonment.

On September 11, 2018, Plaintiff filed a Complaint in New Jersey Superior

---

[1] Plaintiff's version of the facts is very different.  Plaintiff claims that between October 2016 and August 2018, he "perceived and uncovered numerous critical food safety and life safety issues" and "repeatedly reported those matters to United."  (AC ¶¶ 56, 58.)  On or about July 23, 2018, after United allegedly failed to remedy the unsafe food conditions, Plaintiff reported the conditions to the U.S. Food and Drug Administration.  (AC ¶ 112.)  Plaintiff alleges that because of his reports and sexual orientation, United and its employees retaliated and discriminated against him, including placing him on an action plan, stripping him of duties, and blocking him from participating in work-related functions.  (AC ¶¶ 116-119.)  On August 27, 2018, Plaintiff claims he learned he was being transferred to United's headquarters in Chicago.  (AC ¶¶ 123-128.)

Court, alleging violations of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, *et seq*., and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq*., as well as breach of contract. On October 10, 2018, Defendants removed the case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Following dispositive motion practice, Plaintiff filed an Amended Complaint on May 28, 2019.² On June 11, 2019, Defendants filed an Answer. (CM/ECF No. 26.) On June 12, 2019, Plaintiff moved to remand. The Court denied Plaintiff's motion on December 11, 2019. (CM/ECF Nos. 47 and 48.) On June 5, 2020, the Court entered a Scheduling Order closing discovery January 29, 2021, and providing that any motions to amend be filed by September 1, 2020. (CM/ECF No. 53.)

B. *United's motion to amend*

United filed the instant motion seeking leave to amend its Answer to assert six Counterclaims: (1) breach of duty of loyalty; (2) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*; (3) violation of the New Jersey Computer Related Offenses Act ("NJCROA"), N.J.S.A. 2A:38A-1 *et seq*.; (4) violation of the Federal Defend Trade Secrets Act, 18 U.S.C. §*et seq*.; (5) violation of the New Jersey Trade Secrets Act, 18 N.J.S.A. 56:15-2 *et seq*., and (6) conversion.

---

²On October 26, 2018, Defendants moved to dismiss and to strike certain paragraphs of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2). (CM/ECF No. 5.) On January 29, 2019, the Court granted in part and denied in part Defendants' partial motion to dismiss and motion to strike. (CM/ECF No. 13 and 14.) The Court provided a deadline of February 13, 2019, for Plaintiff to file a Second Amended Complaint. On March 6, 2019, Plaintiff filed a Second Amended Complaint which was stricken as untimely. (CM/ECF No. 16 and 19.) Plaintiff renewed his request for leave to file a Second Amended Complaint which was granted on May 23, 2019. (CM/ECF No. 23 and 24.)

United claims that a forensic examination revealed that both before and after Plaintiff was removed from his position, he improperly accessed United's systems and transferred thousands of United's documents, including trade secrets and other confidential and sensitive information, to his personal email account and to four various external devices in Plaintiff's possession.  United identified the misappropriated documents to include:  confidential internal United emails; environmental monitoring and testing results and reports for United's facilities and vendors; United's operational plans and procedures, strategies, and metrics; employee training materials; and sensitive internal and external audit inspections and reports.  (Def.'s Br. at 1-2, 10; CC ¶¶ 31-36, 37.)  United alleges that Plaintiff had no right to engage in this conduct, which it maintains exceeded and/or was without United's authorization, and violated United's policies as well as statutory and common law.  United now seeks leave to assert counterclaims under New Jersey common law and for federal and state statutory violations against its former employee based on these factual allegations.

Plaintiff opposes the motion on futility grounds. Specifically, Plaintiff argues that the proposed counterclaims fail to provide any factual detail regarding allegations that Plaintiff utilized any of United's information for his own personal benefit or that he transferred the information to any other outside party aside from his own attorneys. Plaintiff argues that, at most, his actions were merely internal United policy violations and do not give rise to the counterclaims United seeks to assert.

# DISCUSSION

### A. *Legal standard*

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970).   Prejudice to the non-moving party has long been the "touchstone" for the denial of leave to amend. Mullin v. Balicki, 875 F.3d 140 (3d Cir. 2017); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust").

Although tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well- grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc*., 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice

and Procedure, §1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Thus, "[i]f a proposed amendment is not <u>*clearly*</u> futile, then denial of leave to amend is improper." *Harrison Beverage*, 133 F.R.D. at 468 (emphasis added); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990).

### B. *Analysis*

The Court finds, for the limited purpose of this motion, that United's proposed counterclaims are not so clearly futile to warrant denial of leave to amend. Plaintiff's opposition on futility grounds contains largely merits-based arguments—something the Court does not consider on a motion to amend.

For instance, in contending that United's claim for breach of duty of loyalty is futile, Plaintiff argues that United fails to "demonstrate that [Plaintiff] acted in a manner that ran contrary to his employer's interest other than by pointing to a minor internal violation."[3] (Pl.'s Br. at 6.) United need not prove its claim in order to obtain leave to

---

[3] An employee owes a duty of loyalty to the employer and must not, while employed, act contrary to the employer's interest. *See Lamorte Burns & Co. v. Walters*, 167 N.J. 285, 302 (2001).

assert it.  United's proposed cause of action need only be grounded in alleged facts that advances the claim.  *Marlowe Patent Holdings*, 293 F.R.D. at 695.  The Court finds that United's breach of duty claim is sufficiently grounded in facts so as not to render it futile.  Specifically, United alleges that Plaintiff took actions that were contrary to United's interests, including providing the allegedly misappropriated information and documents to other individuals, including current and former United employees.  ("CC ¶¶ 34-35.)  While it is conceivable that a fact finder may conclude that Plaintiff's conduct does not amount to a breach of duty, the Court does not make a decision on the merits of the claim in deciding whether to grant leave to assert it.

      Similarly, Plaintiff argues that United's proposed claims under the Computer Fraud Abuse Act and New Jersey Computer Related Offenses Act for computer related offenses are futile because, among other things, United is unable to "establish" elements of the causes of action, including that Plaintiff accessed United's information and documents "without authorization" or that Plaintiff "exceeded authorized access", or that Plaintiff engaged in activity that caused damage to United.  (Pl.'s Br. at 10.)  These are primarily merits-based arguments relating to United's purported inability to successfully prove its claims.  Again, the Court finds for purposes of this motion that United has adequately pled the elements of the claims of both statutes.  The Court need not consider whether Plaintiff's access was unauthorized or whether United actually was damaged in deciding whether United should be permitted to pursue these causes of action.

      Plaintiff's arguments relating to Defend Trade Secrets Act and the New Jersey Trade Secrets Act are likewise unpersuasive. Violations of these statutes require the

existence of a trade secret and the misappropriation of same. Plaintiff's contention that he is immune[4] from liability based on his denial of having shared the allegedly misappropriated information with anyone goes to the merits of United's claim. Evidence, or lack thereof, relating to Plaintiff's conduct arguably could be weighed by a finder of fact in determining liability. This Court, however, makes no determination on success or failure of claims and defenses in deciding whether to grant United leave to amend. Plaintiff's contention that United's claims under these federal and state statutes also are futile because United has failed to demonstrate that the documents at issue are trade secrets, and that it failed to plead misappropriation because Plaintiff was authorized to access the information, is likewise a substantive argument and not one directed to the sufficiency of the pleading which is what the Court examines in deciding whether to grant or deny leave. Again, while it is possible that United may not be successful in the pursuit of these causes of action, they are grounded in factual allegations and are not so clearly frivolous to warrant denial of United's motion.

Plaintiff's futility argument as it relates to United's claim for conversion fails for essentially the same reasons. The elements of conversion are: (1) the existence of property; (2) the right to immediate possession thereof belonging to the plaintiff, and (3) the wrongful interference of that right by the defendant. *Corestar Int'l Pte, Ltd. v*. LPB *Commc'n*, 513 F. Supp. 2d 107, 127 (D.N.J. 2007). Plaintiff argues that United's claim would be futile because he had access to the information and documents to carry out his

---

[4] Plaintiff claims to be immune under 18 U.S.C. § 1833(b)(1) governing immunity from liability for confidential disclosure of a trade secret related to the government or in a court filing.

job duties as Food Safety Manager.  Even if Plaintiff had access, the claim is not necessarily futile.  United alleges that Plaintiff interfered with its ownership rights to its proprietary and confidential information and documents by wrongfully transferring them to his personal email account and external devices.  (CC at ¶¶ 8-16; 31-40.)  United has pled the elements of a conversion claim.  In other words, its claim for conversion is not frivolous or so legally insufficient so as to deny leave and whether it will ultimately succeed on that claim is of no moment here.

United has set forth detailed factual allegations supporting each of its proposed counterclaims against Plaintiff.  Indeed, United seeks to assert over 100 substantive allegations which are focused on Plaintiff's alleged misconduct in improperly accessing United's trade secrets and other confidential and proprietary information for his own purposes, his disclosure of the information to others, and the resulting harm to United.  Plaintiff has not satisfied his heavy burden of demonstrating that United's proposed counterclaims are frivolous or legally insufficient on their face.  Accordingly, United's request for leave to amend is granted.[5]

## CONCLUSION

For the reasons set forth above, Defendant United Airlines, Inc.'s motion for leave to amend its Answer to add counterclaims is **granted.**

---

[5] Although prejudice is not argued at length by the parties, the Court finds that no party will suffer prejudice by the amendment.  Discovery only recently opened on June 5, 2020, and is not set to close until January 29, 2021.  (CM/ECF No. 53.)  Pursuant to the Scheduling Order, motions to amend were to be filed no later than September 1, 2020.  Discovery is in its infancy.  United has moved within the time period set by the Scheduling Order to amend.  No prejudice will occur as a result of United's amendment. *See Mullin*, 875 F.3d at 150 (prejudice to the non-moving party is the "touchstone" for the denial of leave to amend).

<u>s/Mark Falk</u>
**MARK FALK**
**United States Magistrate Judge**

**Dated: August 12, 2020**